ALFRED SHIPLEY, PLAINTIFF, v. REID ICE CREAM COR-
PORATION, AND ABRAHAM RATNER, DEFENDANTS.

Submitted May 16, 1930—Decided November 18, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *Edward A. Markley*.

For the defendant corporation, *De Voe Tomlinson*.

For the defendant Ratner, *Samuel D. Williams*.

PER CURIAM.

Plaintiff sustained personal injuries by reason of the collision of a south-bound Chevrolet car in which he was riding as a passenger, and which was driven by his employer, the

defendant Ratner, and an ice cream truck west-bound and just completing its crossing of the Hudson County Boulevard in Jersey City, which was driven by a servant of the defendant corporation. He recovered a verdict of $25,000 against both defendants and that verdict is attacked by the ice cream corporation as being against the weight of evidence, and also as excessive, and by the defendant Ratner only on the latter ground.

With respect to the circumstances of the accident, the testimony presents the usual contradictory evidence of witnesses, and the main question to be determined is whether upon this evidence the verdict appears to be so clearly against the weight of evidence as to meet the tests laid down in the cases with respect to setting it aside. We conclude that the verdict should not be set aside as against the weight of evidence. So far as the plaintiff was concerned, there is no intimation that he personally was guilty of any contributory negligence, and the contributory negligence of Ratner, if any, is not a factor in the case under well settled rules. Hence, the principal question is whether the jury was justified in concluding that the ice cream truck was negligently driven by the servant of the defendant, and that that negligence was the proximate cause of the accident. After a careful examination of the testimony, we are clearly of opinion that the jury was fully justified in so finding, and it is perhaps sufficient to say that its finding could very properly be predicated upon the testimony of the defendants' driver and of the man accompanying him with respect to the observation made by them prior to the collision. On the question of liability, therefore, we think the verdict was clearly right.

With respect to the amount of damages, we reach a somewhat different result. The verdict was for $25,000, and there can be little question but that the plaintiff was quite severely injured; but on a full consideration of the testimony as to the plaintiff's age, his physical condition before the accident, which was by no means perfect, and the extent of the injury due to the accident itself, we are of opinion that the verdict was excessive. Plaintiff's counsel seems to argue in his brief

that plaintiff was forty-one years of age at the time of the accident; but the plaintiff himself testified that he had been a sheet metal worker since 1889. The accident occurred in 1927 which would be thirty-eight years later. The plaintiff did not state his age in his testimony, but it would seem that he must have been in the neighborhood of sixty at the time of the accident. Our conclusion, from a careful examination of the testimony and briefs, is that a verdict in excess of $15,000 is not fairly justified. If the plaintiff will consent to a reduction of the verdict to that amount the rule will be discharged, otherwise it will be made absolute.